UNITED STATES of America,
Plaintiff–Appellee,

v.

Eddie CARROLL, Defendant–
Appellant.

No. 01–3588.

United States Court of Appeals,
Seventh Circuit.

Submitted Dec. 12, 2002.*

Decided Dec. 20, 2002.

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Before BAUER, POSNER, and DIANE P. WOOD, Circuit Judges.

## ORDER

A jury found Eddie Carroll guilty of possession of a firearm by a felon, 18 U.S.C. § 922(g)(1), and because of his previous convictions he was sentenced under the Armed Career Criminal Act, 18 U.S.C. § 924(e), to 188 months' imprisonment, as well as three years of supervised release, a $1,400 fine, and a $100 special assessment. Carroll appeals, arguing that the district erred in not allowing him to impeach the credibility of a nontestifying declarant at trial, Fed.R.Evid. 806, and that his sentence violated *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). We affirm.

In the early morning of August 14, 1999, Chicago police responded to a number of 911 calls reporting that two men were arguing in front of an apartment building at 32 North Lavergne, and that one of the men, a black male wearing dark clothes, was holding a gun. When police officers arrived, a man fitting the description of the one holding the gun began to run. Two officers chased him, and while in pursuit both officers saw him pull a gun out of his pocket and drop it on the ground. The man, Carroll, was then arrested and charged with unlawfully possessing a firearm.

At trial, Annie McMullen testified that from inside her apartment at 32 North LaVergne she saw Carroll outside holding a gun and speaking with her son, Darren. McMullen explained that she dialed 911 twice to report the incident, and during one of the calls informed the 911 operator that her son had told her that Carroll pulled a gun on him because they were fighting about a woman. Aaron Mosby, a relative of Annie and Darren, likewise testified that from inside the apartment at 32 North LaVergne he witnessed Carroll holding a gun and arguing with Darren. He also called 911 to report the incident. Two officers testified that when they arrived at the apartment building Carroll began running and they followed; the officers never lost sight of him, and both saw Carroll pull the gun out and drop it.

Carroll contends on appeal that when Annie testified that she told the 911 operator that Darren said Carroll pulled a gun on him because they were arguing about a woman, he should have been allowed to impeach Darren's credibility by questioning Annie about Darren's drug use, drug dealing, and gang membership. Federal Rule of Evidence 806 allows a party to impeach the credibility of the declarant of an admitted hearsay statement with evidence that would be admissible had the declarant testified. The district court precluded questioning about Darren's credibility after concluding that the testimony "was not hearsay. She's just hearing something."

It is unclear whether this testimony was offered for any reason other than its truth, but because no other reasons were offered and it was admitted without any limiting instruction, we assume that it was offered for its truth. *See United States v. Burton*, 937 F.2d 324, 327–28 (7th Cir.1991). Darren's statement was therefore hearsay and the jury may have considered it as sub-

stantive evidence for establishing the essential issue at trial–whether Carroll possessed a firearm. Thus, under Rule 806, Carroll should have been allowed to attack Darren's credibility as if Darren had testified at trial. *See id.* at 328.

But this conclusion does not help Carroll for two reasons. First, he could not attack Darren's credibility merely by eliciting testimony that Darren used or dealt drugs or belonged to a gang. Such evidence might be admissible to show that a particular hearsay statement was unreliable because, for example, the declarant's drug use impaired his cognitive abilities at the time he made the statement, *see Henderson v. DeTella,* 97 F.3d 942, 949 (7th Cir.1996), or the declarant belonged to a gang that required members to lie for one another, *see United States v. Abel,* 469 U.S. 45, 54–56, 105 S.Ct. 465, 83 L.Ed.2d 450 (1984). But absent such a foundation (which Carroll did not provide), he could not attack Darren's credibility by asking the jury to infer that Darren should not be believed just because he is a person who has engaged in these activities in the past. *See Henderson,* 97 F.3d at 949; *United States v. Robinson,* 956 F.2d 1388, 1397–98 (7th Cir.1992); *United States v. Turner,* 104 F.3d 217, 223 (8th Cir.1997) (drug activity); *United States v. Elkins,* 70 F.3d 81, 83–84 (10th Cir.1995) (gang activity); *United States v. McDonald,* 905 F.2d 871, 875 (5th Cir.1990) ("drug use is not probative of truthfulness."). Second, and more important, any error in precluding this testimony was harmless. *See United States v. Hunt,* 272 F.3d 488, 496 (7th Cir.2001). Even if Carroll had successfully impeached Darren's statement, four witnesses–Annie, Mosby, and two police officers–testified that they saw Carroll with a firearm. Given this overwhelming evidence, we fail to see how Carroll was prejudiced, *see, e.g., United States v. Ca-*

*vender,* 228 F.3d 792, 799–801 (7th Cir. 2000) (exclusion of evidence not harmless when it attacked credibility of prosecution's key witness), and Carroll offers no reason on appeal.

Carroll also contends that his sentence under 18 U.S.C. § 924(e) violated *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) because the question of whether two of his previous felony convictions occurred on "occasions different from one another"–and therefore count as separate felonies under § 924(e)(1)–was not submitted to the jury and proven beyond a reasonable doubt. After the parties briefed this issue, we decided *United States v. Morris,* 293 F.3d 1010, 1012–13 (2002), in which we rejected this same argument. This issue, as with an increased sentence under § 924(e) generally, may be decided by the district court rather than the jury without running afoul of *Apprendi. Id.; United States v. Skidmore,* 254 F.3d 635, 641–42 (7th Cir.2001).

AFFIRMED.